■ ROYAL FARMS, INC., Respondent, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. (And Another Title.) — In a negligence action to recover for property damage, defendant Consolidated Edison Company of New York, Inc. appeals, as limited by its notice of appeal and its brief, from so much of an order of the Supreme Court, Kings County (Monteleone, J.), dated February 17, 1983, as granted plaintiff Royal Farms, Inc.'s motion for summary judgment in its first action to the extent that it granted partial summary judgment against appellant on plaintiff's third cause of action on the issue of liability only and ordered an assessment of damages.

Order modified, on the law, by deleting the first and second decretal paragraphs thereof and substituting therefor a provision granting plaintiff Royal Farms, Inc.'s motion for summary judgment in the first action only to the extent of collaterally estopping defendant Consolidated Edison Company of New York, Inc. from contesting the issue of its gross negligence, and setting the matter down for trial on all other relevant issues. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Special Term correctly held that defendant Consolidated Edison Company of New York, Inc. (Con Edison) is precluded, pursuant to the doctrine of collateral estoppel, from contesting the issue of its gross negligence in causing the blackout which

occurred on July 13, 1977 (*Shaid v Consolidated Edison Co.*, 95 AD2d 610; *Goldstein v Consolidated Edison Co.*, 93 AD2d 589, affd 62 NY2d 936). However, it erred in ordering a trial only on the issue of damages. All other relevant issues, including causation, comparative fault, and apportionment of fault between Con Edison and the defendant City of New York must also be tried (*Russo v Consolidated Edison Co.*, App Term, 2d and 11th Judicial Dists, Jan. 13, 1983, affd 97 AD2d 791; *Goldstein v Consolidated Edison Co.*, 93 AD2d 589, 596, *supra*). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.